AURELIO RAMÍREZ, JR., demandante y apelado, *v.* LA JUNTA DE RETIRO DE LOS FUNCIONARIOS Y EMPLEADOS DEL GOBIERNO INSULAR DE PUERTO RICO, demandada y apelante.

No. 6575.—*Sometido:* Abril 1, 1935. *Resuelto:* Abril 5, 1935.

*Hon. Procurador General Benjamin J. Horton y T. Torres Pérez, Subprocurador,* abogados de la apelante; *L. Tirado Géigel y Angel M. Villamil,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Aurelio Ramírez Jr., funcionario que fué del Gobierno Insular de Puerto Rico por un período de diez y siete años, se acogió al procedimiento extraordinario de *mandamus* para obligar a la Junta demandada a concederle su retiro por separación involuntaria del cargo con los demás pronunciamientos del caso. Se expidió un auto alternativo de *mandamus.* La junta demandada aceptó los hechos alegados en la solicitud y pidió la anulación del auto expedido porque no se había establecido una causa de acción a favor del demandante. La corte inferior estimó que de acuerdo con las alegaciones el peticionario tenía derecho al remedio solicitado y, toda vez que no existía controversia en cuanto a los hechos que fueron admitidos, dictó la siguiente sentencia:

"Se declara con lugar la solicitud de *mandamus*, y se ordena a la Junta de Retiro de Funcionarios y Empleados del Gobierno Insular de Puerto Rico, compuesta por los demandados Manuel V. Domenech, Charles H. Terry, Juan M. Herrero y José G. López, proceda a conceder al peticionario Aurelio Ramírez Jr. la pensión vitalicia correspondiente, para tener efecto desde el 23 de agosto de 1933, por separación involuntaria del servicio como funcionario del Gobierno Insular de Puerto Rico, de acuerdo con la Ley No. 104, de 12 de septiembre de 1925; sin especial condenación de costas. Expídase por el Secretario el correspondiente mandamiento para su cumplimiento por la demandada."

La demandada apeló de la sentencia en 5 de diciembre de 1933, y ahora comparece el demandante solicitando que se desestime la apelación porque, habiendo la junta demandada reconocido el derecho a pensión que reclamaba el peticionario y dado cumplimiento a la sentencia apelada, el recurso interpuesto resulta académico. Para acreditar esta alegación se acompaña el certificado de pensión No. 422 expedido por la junta demandada y una comunicación del vicepresidente y secretario de dicho organismo, Sr. Charles H. Terry, remitiéndole el referido certificado al peticionario.

La Junta de Retiro ha radicado una moción oponiéndose a que se desestime el recurso. Los motivos de la oposición aparecen formulados en una declaración jurada suscrita por el Vicepresidente y Secretario de la Junta, Sr. Charles H. Terry, que en lo pertinente dice así:

"Que la Junta apelante, no conforme con la sentencia interpuso apelación ante este Hon. Tribunal; pendiente la referida apelación, el apelado hizo otra solicitud a la Junta de Retiro para que su caso fuera reconsiderado, y la Junta de Retiro, ahora apelante, en sesión celebrada el 26 de junio de 1934, acordó concederle condicionalmente la pensión que solicitara el apelado y al efecto el referido apelado se comprometió por escrito a no interrumpir la apelación pendiente ante este Hon. Tribunal; en 31 de agosto de 1934 se le confirió la pensión condicionalmente y se le expidió certificado al efecto hasta el 30 de noviembre de 1934, en que el apelado, por sus actos contrarios a la condición establecida al concedérsele la pensión, o sea por haber solicitado el desistimiento de esta apelación y haber violado

la condición impuesta, se procedió a la inmediata suspensión del pago y revocación de la pensión condicionada que le fué conferida, acuerdo que tomó la Junta apelante en sesión celebrada el 9 de enero de 1935.

"Que en estas condiciones la Junta apelante no ha dado cumplimiento, ni dará cumplimiento, a la sentencia que motiva esta apelación, hasta tanto este Hon. Tribunal no resuelva la misma."

Copiamos a continuación en toda su integridad el certificado de pensión expedido por la junta demandada:

"No. 422.—EL PUEBLO DE PUERTO RICO.—(Sello de Puerto Rico.) Junta de Retiro de los Funcionarios y Empleados Permanentes del Gobierno Insular de Puerto Rico.—Por el presente se certifica: Que de acuerdo con la Ley No. 104 de la Asamblea Legislativa de Puerto Rico, aprobada el 2 de septiembre de 1925, Aurelio Ramírez Jr., quien estuvo empleado como Secretario, Corte de Distrito, Humacao, en el Departamento de Justicia, tiene derecho a una pensión, la que le ha sido concedida, con renta anual vitalicia de OCHOCIENTOS OCHO Y 32/100 dólares, pagadera mensualmente, comenzando desde el día 24 de agosto de 1933.—Dado en la oficina de la Junta de Retiro de los Funcionarios y Empleados Permanentes del Gobierno Insular de Puerto Rico, hoy 31 de agosto de 1934.—(Fdo.) Manuel V. Domenech, Presidente.—Registrado, (fdo.) C. H. Terry, Vicepresidente y Secretario.—(Hay el sello de la Junta.)"

La carta dirigida por el Sr. Terry al demandante Aurelio Ramírez Jr. en 31 de agosto de 1934, dice así:

"Tengo el honor de informarle que en la sesión celebrada por la Junta de Retiro el día 31 de agosto de 1934, se acordó concederle una pensión por razón de separación involuntaria, efectiva desde el día 24 de agosto de 1933.

"El montante de su pensión asciende a $808.32 anuales o sea $67.36 mensualmente.

"Se le remite el certificado creditivo de pensión.

"Habremos de agradecerle nos notifique cualquier cambio en su dirección.

"Atentamente, (fdo.) C. H. Terry, Vicepresidente y Secretario, Junta de Retiro."

Los documentos que anteceden no limitan ni condicionan la pensión concedida al peticionario. No hay en ellos ni una

palabra ni un concepto que sugiera la idea de la existencia de una condición. Tanto el certificado expedido a favor del peticionario como la carta del Sr. Terry, demuestran que el derecho a la pensión fué incondicionalmente reconocido; pero ahora se pretende acreditar con prueba *aliunde* que el demandante se obligó a cumplir con una condición y que por haber faltado a ella se ha suspendido y revocado la pensión que le fué concedida. La verdad es que la junta demandada, al conceder la pensión, accedió a la reclamación del demandante y dió efectividad al fallo de la corte inferior en el procedimiento de *mandamus*. El mandato del tribunal quedó cumplido y desde ese momento el recurso interpuesto contra la sentencia dictada quedó relegado a la categoría de una cuestión académica. En cuanto al convenio si lo hubo, dudamos mucho de su bondad y de que pueda surtir los efectos que pretende la parte apelante. El demandante tiene derecho o no a la pensión que reclama. Si lo tiene, no debe negársele lo que es justamente suyo, y si no lo tiene, no ha debido concedérsele la pensión solicitada.

No acertamos a comprender por qué la junta demandada concedió la pensión bajo la condición de que el reclamante no interrumpiese la apelación pendiente ante este tribunal. La parte que apela es la que controla todos los trámites necesarios para perfeccionar la apelación. Si esta parte se muestra activa y diligente y tramita su recurso de acuerdo con la ley y las reglas de este tribunal, no vemos por qué tiene que preocuparle lo que pueda hacer la parte apelada para interrumpir la apelación, ya que las gestiones que se realizaran en este sentido no podrían tener éxito alguno. No creemos que la palabra "interrumpir" haya sido usada en el sentido y con el propósito de evitar que la parte apelada pudiese discutir y controvertir las cuestiones planteadas por la parte apelante, porque en ese caso tendríamos que declarar que es ésta una práctica que en modo alguno puede ser aceptada por este tribunal.

*En vista de la documentación presentada por el deman-
dante opinamos que el recurso interpuesto resulta académico
y que debe ser desestimado.*